UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

QUEBECOR WORLD INC.
612 Saint-Jacques Street
Montreal, Quebec  H3C 4M8
CANADA,

                    Plaintiff,

          - vs -

ADAM KRIFTCHER
3025 Timothy Road
Bellmore, New York  11710-5225
UNITED STATES OF AMERICA,

                    Defendant.

AMENDED COMPLAINT


Civil Action No. 07-CV-3872(LAK/JCF)

---

Plaintiff Quebecor World Inc., by and through its attorneys Jaeckle Fleischmann &

Mugel, LLP, as and for its Amended Complaint against the defendant Adam Kriftcher, alleges as

follows:

## PARTIES, JURISDICTION AND VENUE

1.      At all times hereinafter mentioned, Plaintiff Quebecor World Inc. ("Quebecor")

was, and still is, a corporation formed under the federal laws of Canada and duly authorized to

do business in the State of New York.  Quebecor's principal place of business is in Canada.

Quebecor is a citizen of Canada.

2.      Defendant Adam Kriftcher ("Defendant") is a natural person who, upon

information and belief, is domiciled in Bellmore, New York and is a citizen of the State of New

York.

3.      This Court has subject matter jurisdiction over this action.  Quebecor is a citizen of a foreign state and the Defendant is a citizen of the State of New York.  The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(2).

4.      This Court has personal jurisdiction over the Defendant based on the Defendant's consent thereto, as set forth in the terms of an express written agreement between Quebecor and Defendant.

5.      In addition to all other legal bases for this Court to exercise personal jurisdiction over the Defendant in this action, courts within the State in which this District is located have personal jurisdiction over the Defendant pursuant to Article 3 of New York State's CPLR.

6.      Venue is proper herein based on the terms of an express written agreement between Quebecor and Defendant.

## FACTS

7.      Quebecor is a commercial print media company.

8.      At all times relevant herein, non-party Jormic Media Group ("Jormic") was engaged in the business of publishing, distributing and/or selling magazines.

9.      On or about March 22, 2004, Quebecor and Jormic entered into a printing agreement ("Printing Agreement") wherein Quebecor agreed to produce and sell magazines and provide other media-related services to Jormic.  In consideration therefor, Jormic agreed to pay Quebecor for the goods provided and services performed by Quebecor in accordance with the terms set forth in the Printing Agreement and the schedules referenced therein.  A copy of the Printing Agreement is annexed hereto as **Exhibit "A"**.

10.     Pursuant to the Printing Agreement, Quebecor provided goods to and performed services for Jormic dating from in and around March 2004 to August 2005.

11.     In accordance with the terms of the Printing Agreement, Quebecor sent invoices to Jormic for the goods provided and services performed by Quebecor dating from November 22, 2004 to August 16, 2005, for a total amount of $581,480.90, plus interest accruing thereon. Copies of the relevant invoices are annexed hereto as **Exhibit "B"**.

12.     In accordance with the terms of the Printing Agreement, payment of certain invoices for the goods provided and services performed by Quebecor was due within thirty (30) days from the date each such invoice issued, and, for certain other invoices, such payment was due within sixty (60) days from the date each such invoice issued.

13.     Pursuant to the Printing Agreement and invoices, failure to pay any amounts owing to Quebecor when due would entitle Quebecor to interest on such overdue amounts.

14.     On or about August 30, 2005, the Defendant executed and delivered to Quebecor a Guarantee and Waiver (the "Guarantee") pursuant to which the Defendant guaranteed the full and prompt payment of any and all of Jormic's indebtedness, liabilities, and obligations to Quebecor (collectively defined therein and herein as the "Obligations") in an amount not to exceed $582,000.00 (U.S.).  A copy of the Guarantee is annexed hereto as **Exhibit "C"**.

15.     By its express terms, the Guarantee is continuing, absolute, unconditional and irrevocable in nature.

16.     No amount of the $581,480.90, plus interest thereon, due to Quebecor under the Printing Agreement and/or the annexed invoices has been paid.

17.     No amount of the $581,480.90 due to Quebecor for the above-described goods and services that Quebecor provided to Jormic has been paid.

## AS AND FOR A FIRST CAUSE OF ACTION

18.     The Guarantee is valid and constitutes a legally binding obligation of Defendant to Quebecor.

19.     The Defendant has failed to pay the Obligations under the Guarantee, despite due demand having been made therefor.

20.     The Defendant's failure to pay the Obligations under the Guarantee constitutes a breach of the Defendant's Guarantee.

21.     By reason of the foregoing, Quebecor has been damaged in, and the Defendant is liable for, an amount not less than $581,480.90, plus interest thereon.

## AS AND FOR THE SECOND CAUSE OF ACTION

22.     Quebecor repeats and realleges the allegations contained in paragraphs 1 through 21 as though more fully set forth herein.

23.     Pursuant to paragraph 8 of the Guarantee, the Defendant agreed to pay all costs and expenses incurred by Quebecor in the collection of payment of the Obligations from the Defendant, including reasonable attorneys' fees.

24.     Accordingly, Quebecor is entitled to recover all costs and disbursements incurred in connection with collecting payment of the Obligations under the Guarantee from Defendant, including reimbursement of reasonable attorneys' fees and costs as may be allowed by the Court.

**WHEREFORE**, Plaintiff Quebecor World Inc. demands judgment against Defendant Adam Kriftcher as follows :

(a)    On its first cause of action in a total amount no less than $581,480.90, with interest thereon;

(b)    On its second cause of action for reimbursement of costs and disbursements incurred in connection with enforcing its rights, including but not limited to reasonable attorneys' fees as may be allowed by the Court;

(c)    For costs and disbursements of this action; and

(d)    For such other, further and different relief as the Court may deem just and proper.

Dated:        Buffalo, New York
              May 24, 2007

                                    **JAECKLE FLEISCHMANN & MUGEL, LLP**

                                    By:_____
                                        Joseph W. Allen, Esq. (JA-4311)
                                        *Attorneys for Plaintiff Quebecor World Inc.*
                                        12 Fountain Plaza
                                        Buffalo, New York  14202-2292
                                        (716) 856-0600

834038