# EXHIBIT C

# GUARANTEE AND WAIVER

THIS GUARANTEE AND WAIVER, is made and entered into as of August 30, 2005 by **Adam Kriftcher**, residing at 100 West Broadway, #7R, Long Beach, New York 11561 (the "**undersigned**") in favor of **QUEBECOR WORLD INC.**, a Canadian corporation, having its principal office at 612 St-Jacques, Province of Quebec, Canada H3C 4M8 ("**QW**").

WHEREAS, QW has and will from time to time provide Jormic Media Group (herein the "**Obligor**") with printing and related services relating to the publications currently published by the Obligor; and

NOW, THEREFORE, in consideration of the premises and to induce QW to continue to extend trade credit and other financial accommodations to the Obligor, the undersigned agrees with QW for its benefit as follows:

1. <u>Guaranty of Payment</u>. The undersigned hereby, jointly and severally, irrevocably, absolutely and unconditionally, guarantees and agrees to be liable for the prompt indefeasible and full payment, performance and observance of the indebtedness, liabilities, obligations and agreements of any kind of Obligor to QW, however evidenced, whether now existing or hereafter arising, whether direct or indirect, absolute or contingent, joint or several, due or not due, primary or secondary, liquidated or unliquidated, secured or unsecured, original, renewed or extended, and of all agreements, documents and instruments evidencing any of the foregoing or under which any of the foregoing may have been created, including, without limitation, all financing charges, or other fees accruing in respect of Obligor in connection with any or all of the foregoing for an amount not to exceed US$582,000 (all of the foregoing being herein referred to, jointly and severally, as the "**Obligations**").

2. <u>Waivers</u>. The undersigned waives notice of acceptance of this Guarantee, any extensions of trade credit and other financial accommodations to Obligor, notice of any Obligations, and waives presentment, demand for payment, protest, notice of protest, notice of dishonor or nonpayment of any Obligations, suit or taking other action by QW against, and any other notice to, any party liable thereon (including the undersigned) and waives any defense, offset or counterclaim to any liability hereunder. QW may at any time and from time to time without the consent of, or notice to, the undersigned, without incurring responsibility to the undersigned, without impairing or releasing the obligations of the undersigned hereunder, upon or without any terms or conditions and in whole or in part: (i) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any Obligations, any security therefor, or any liability incurred directly or indirectly in respect thereof, and the guarantee herein made shall apply to the Obligations as so changed, extended, renewed or altered; (ii) sell, exchange, release, surrender, offset, realize upon or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged or mortgaged to secure, or howsoever securing, the Obligations or any liabilities (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof; (iii) exercise or refrain from exercising any rights against the Obligor or others (including the undersigned) or otherwise act or refrain from acting; (iv) settle or compromise any Obligations, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Obligor to creditors of the Obligor other than QW and the undersigned; and (v) apply any sums by whomsoever paid or howsoever realized to any Obligations regardless of what Obligations remain unpaid. The undersigned hereby waives and agrees not to assert or take advantage of any rights or defenses based on any rights or defenses of the Obligor to the Obligations including, without limitation, any failure of consideration, any

statute of limitations, or any insolvency and/or bankruptcy of the Obligor. The undersigned also agrees that QW need not attempt to collect any Obligations from the Obligor or others or to realize upon any collateral which may be pledged to secure the Obligations, but may require the undersigned to make immediate payment of the Obligations to QW when due or at any time thereafter.

3. No Offset, Defense or Counterclaim. The liability of the undersigned hereunder is absolute, primary and unconditional and shall not be subject to any offset, defense or counterclaim of the Obligor. No invalidity, irregularity or unenforceability of all or any part of the Obligations, or of any security therefor, shall affect, impair or be a defense to this Guarantee nor shall any other circumstance which might otherwise constitute a defense available to, or legal or equitable discharge of, the Obligor in respect of any of the Obligations, or of any security therefor, or the undersigned in respect of this Guarantee, affect, impair or be a defense to this Guarantee. Without limitation of the foregoing, the liability of the undersigned hereunder shall not be discharged or impaired in any respect by reason of any failure by QW to perfect or continue perfection of any lien or security interest in any security for the Obligations which may have been provided or any delay by QW in perfecting any such lien or security interest.

4. Continuing Nature of Guarantee. This Guarantee is a continuing one and all Obligations shall be conclusively presumed to have been created in reliance hereon. The books and records of QW, showing the account between the Obligor and QW, shall be admissible in evidence in any action or proceeding as prima facie proof of the items therein set forth. Payment by the undersigned shall be made to QW at QW's office from time to time on demand as the Obligations become due. One or more successive or concurrent actions may be brought hereon against the undersigned either in the same action in which Obligor is sued or in separate actions. In the event any claim or action, or action on any judgment, based on this Guarantee is brought against the undersigned, the undersigned agrees not to deduct, set-off, or seek to counterclaim for or recoup any amounts which are or may be owed by QW to the undersigned.

5. Default. Upon the happening of any of the following events: (i) default by the Obligor under any of the Obligations; (ii) suspension of business of the Obligor or the undersigned; (iii) the issuance of any warrant of attachment against any material property of the Obligor or the undersigned; or (iv) insolvency of the Obligor or the undersigned, the making by the Obligor or the undersigned of any assignment for the benefit of creditors, a trustee or receiver being appointed for the Obligor or the undersigned or for any material property of any of them, or any proceeding being commenced by or against the Obligor or the undersigned under any bankruptcy, reorganization, arrangement of debt, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute (any of the events in item (iv), herein a "Bankruptcy Proceeding") and, with respect to any Bankruptcy Proceeding against the Obligor or the undersigned, remains undismissed for a period of thirty (30) days, unless the Obligor or undersigned shall earlier acquiesce thereto, then and in any such event, and at any time thereafter, QW may, without notice to the Obligor or any of the undersigned, make the Obligations, whether or not then due, immediately due and payable hereunder as to the undersigned, and QW shall be entitled to enforce the obligations of the undersigned hereunder. If the undersigned shall fail to pay the Obligations in full within thirty (30) days of demand by QW, then, in addition to the payment of all unpaid Obligations, the undersigned shall also pay to QW interest with respect to all unpaid Obligations (as well as all costs and expenses referenced in Section 8 below) at the lesser of (i) twelve percent (12%) per annum or (ii) the maximum rate then permitted by applicable law.

6. Subordination. Any and all claims of any nature which the undersigned may now or hereafter have against the Obligor, and payment of all amounts now or hereafter owed to the

undersigned by the Obligor or any other obligor with respect to the Obligations (whether by contribution or otherwise) are hereby subordinated to the full payment to QW of the Obligations.

7. <u>Waiver of Rights of Subrogation</u>. The undersigned waives, and agrees that it will not assert or otherwise claim, any right of contribution, reimbursement, repayment, indemnity or subrogation under or in respect of this Guarantee, whether arising by any payment made hereunder, by agreement or otherwise. The undersigned further agrees that he will not enter into any agreement providing, directly or indirectly, for any contribution, reimbursement, repayment or indemnity by the Obligor, any other guarantor or any other person or entity, on account of any payment by such the undersigned hereunder, and that any such agreement would be void. Notwithstanding the preceding provisions of this Section 7, the undersigned shall have and be entitled to all rights of subrogation otherwise provided by law in respect of any payment it may make or be obligated to make under this Guarantee and to assert and enforce the same on and after, but at no time prior to, the date which is one year and five days after the date on which all Obligations have been paid in full and no additional printing or related services are contemplated to be provided by QW to Obligor (the "**Subrogation Trigger Date**") <u>if and only if</u> no Bankruptcy Proceeding with respect to the Obligor has existed at any time on and after the date hereof through and including the Subrogation Trigger Date.

8. <u>Attorney's Fees</u>. In the event QW retains attorneys for the purpose of effecting collection of the Obligations or the liabilities of the undersigned hereunder, the undersigned shall pay all costs and expenses of every kind for collection, including reasonable attorneys' fees and expenses.

9. <u>Reinstatement</u>. If claim is ever made upon QW for repayment or recovery of any amount or amounts received by QW in payment or on account of any of the Obligations and QW repays all or part of said amount by reason of (a) any judgment, decree or order of any court or administrative body having jurisdiction over QW or any of its property, or (b) any settlement or compromise of any such claim effected by QW with any such claimant (including the Obligor), then and in such event the undersigned agrees that any such judgment, decree, order, settlement or compromise shall be binding upon the undersigned, notwithstanding any revocation hereof or the cancellation of any note or other instrument evidencing any Obligation, and the undersigned shall be and remain liable to QW hereunder for the amount so repaid or recovered to the same extent as if such amount had never originally been received by QW.

11. <u>No Waiver</u>. No delay on the part of QW in exercising any of its options, power or rights, or partial or single exercise thereof, shall constitute a waiver thereof. No notice or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned to take further action without notice or demand as provided herein. No waiver of any of its rights hereunder, and no modification or amendment of this Guarantee, shall be deemed to be made by QW unless the same shall be in writing, duly signed on behalf of QW, and each such waiver, if any, shall apply only with respect to the specific instance involved, and shall in no way impair the rights of QW or the obligations of the undersigned to QW in any other respect at any other time.

12. <u>Applicable Law; Waiver of Jury; Submission to Jurisdiction; Service of Process</u>. This Guarantee and the rights and obligations of QW and of the undersigned hereunder shall be governed and construed in accordance with the internal laws (as opposed to conflicts of laws provisions) and decisions of the State of New York. The undersigned does hereby waive trial by jury in any action, proceeding or counterclaim brought against the undersigned on any matters whatsoever arising out of or in any way connected with this Guarantee, and the undersigned hereby agrees that all actions and proceedings relating directly or indirectly hereto may, at the

option of QW, be litigated exclusively in courts having their situs in New York, New York, and the undersigned hereby irrevocably submits and consents to the jurisdiction of the state and federal courts situated in New York, New York, and consents to the service of process in any such action or proceeding by certified or registered mail sent to the undersigned at the address of the undersigned shown from time to time on the records of QW or by any other method permitted by law.

13. <u>Representations</u>. The undersigned does hereby represent and warrant to QW that this Guarantee has been duly executed and delivered by the undersigned and is a legal, valid, and binding obligation of the undersigned, enforceable against the undersigned in accordance with its terms.

14. <u>Successors and Assigns</u>. This Guarantee is binding upon the undersigned, its heirs, executors, administrators, endorsees, successors or assigns, and shall inure to the benefit of QW, its successors or assigns.

IN WITNESS WHEREOF, this Guarantee and Waiver has been executed and delivered as of the date first written above.

_____
Name: Adam Kriftcher

STATE OF NEW YORK)
                 ) ss:
COUNTY OF Nassau )

On this 30 day of August, 2005, before me personally came Adam Kriftcher to me known, to be the individual described in and which executed the foregoing instrument.

_____
Notary Public

LINDA ENBAR
NOTARY PUBLIC - STATE OF NEW YORK
No. 01EN5073295
Qualified in Nassau County
Commission Expires February 24, 2007